COWING (GOULD'S MANUF'G CO. v.). See Cases Nos. 5,642 and 5,643.

COWING (McKENZIE v.). See Case No. 8,856.

---

## Case No. 3,296.

### COWING v. RUMSEY et al.

[8 Blatchf. 36;[1] 4 Fish. Pat. Cas. 275.]

Circuit Court, N. D. New York. Oct. Term, 1870.

ACTION FOR INFRINGEMENT OF PATENT—MEASURE OF DAMAGES—NEW TRIAL—REDUCTION OF DAMAGES.

1. In an action on the case for the infringement of letters patent, it is erroneous to instruct the jury that the true rule in regard to damages is the profits made by the defendant by the infringement.

[Cited in Smith v. Baker, Case No. 13,010; Putnam v. Sudhoff, Id. 11,483; Magic Ruffle Co. v. Elm City Co., Id. 8,949 and 8,950; Mulford v. Pearce, Id. 9,908; Vaughan v. Central Pac. R. Co., Id. 16,897; Knox v. Great Western Quicksilver Min. Co., Id. 7,907; Sayles v. Richmond, F. & P. R. Co., Id. 12,424.]

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

2. The true rule is, what the plaintiff has lost, and not what the defendant has gained.

[Cited in Atwood v. Portland Co., 10 Fed. 285; Royer v. Shultz Belting Co., 45 Fed. 52.]

3. Where, under such an erroneous instruction, the plaintiff obtained a verdict for $750 damages, and the defendant moved for a new trial, on a case, because of such instruction, a new trial was denied, in case the plaintiff should consent that the verdict be reduced to nominal damages, but, otherwise, a new trial was ordered, the costs to abide the event.

[Cited in Roberts v. Schuyler, Case No. 11,915.]

This was an action on the case [by George Cowing against John A. Rumsey and others], brought to recover damages for an infringement of the plaintiff's rights, secured by letters patent [No. 38,153], granted to him [April 14, 1863] for an "improved cylinder polisher." At the trial, the plaintiff had a verdict for $750 damages; and the defendants now moved for a new trial, on a case.

Elbridge G. Lapham, for plaintiff.
David Wright, for defendants.

WOODRUFF, Circuit Judge. I have examined the grounds upon which a new trial is sought in this case, but, with the exception of one point, to be presently noticed, I am not satisfied that any error was committed, entitling the defendants to the interference of the court to set aside the verdict. The defendants have been ingenious in their endeavor to construct a cylinder polisher, that should "get around" the plaintiff's patent; and it is not unlikely that they have made improvements upon his invention. The defendants' witnesses very clearly prove differences between their machine and that of the plaintiff. Those differences may be useful differences; but, so long as the improved machine appropriates, or (to borrow the language of the charge) absorbs what the plaintiff invented and patented, the defendants are not at liberty to use it without the plaintiff's consent. I am not satisfied that the case was not tried and submitted to the jury upon a correct exposition of the law; and, as to disputed questions of fact upon conflicting evidence, the verdict of the jury should be taken as conclusive.

On the rule of damages, however, it seems to me an instruction was given which was not strictly accurate. The case states, that, on the return of the jury to the bar, declaring "that they had agreed in regard to the infringement, but had not agreed in regard to the amount of damages," the court further instructed them as follows: "The damages do not depend upon the profits the defendant may have made out of the cylinders, the profits upon the pumps, but the mere profits upon polishing the pumps, the mere improvement in the polishing of the cylinders. Everything else has nothing to do with this machine. It is the profits in polishing with this machine. That is all. That, in itself, is a very small portion of the pump. The true rule in regard to damages is the profits made by the defendants by polishing the pumps, and not the profits lost to the plaintiff."

It is difficult to resist the inference, that there has been some mistake in the preparation and settlement of the case in this respect; for, in the instructions given to the jury before they retired, the court distinctly said: "On the question of damages, gentlemen, there is only one rule. That is, to give to the plaintiff the actual damages which he has sustained by this infringement." Such previous instruction is so inconsistent with what is imputed to the court on the return of the jury to the bar, as to warrant the supposition that what the court said was, rather, that, as an aid to determine, upon the whole case, what damages the plaintiff had sustained, the jury were at liberty to consider what profits the defendants had made. The whole case might warrant a presumption, that, if the defendants had not infringed the patent, the plaintiff would have had the opportunity, through a larger patronage, to polish as many more pumps as the defendants polished and to realize as great profits. There might be some reason for believing that, by infringing, the defendants drew away this amount of work in polishing; and so, incidentally, the jury might be, and, no doubt, were, entitled to know and consider the profits of polishing pumps or cylinders by this machine. The instruction is, however, stated, in the case, to have been given, and to have been specially excepted to; and its correctness is, therefore, to be tested as it now appears, that is, as the latest, and an explicit, direction to the jury, when the question of damages was alone the subject of consideration.

A patentee whose rights are infringed has his election of remedies. He may treat the infringer, who illegally appropriates the invention to his own use, making profit thereby, as his trustee in respect of such profits, and compel him to account therefor in equity. In such case, the plaintiff may recover those profits, be they more or less; and he can recover no more, however great the damages may be which the illegal interference has occasioned.[2] If, on an accounting, it should appear that the defendant used the invention so unskillfully that he realized no profit, there could be no recovery. On the other hand, the patentee may sue at law for the damages which he has sustained; and those damages he is entitled to recover, whether the defendant has made any profits or not. In such an action, it is precisely what is lost to the plaintiff, and not what the defendant has gained, which is the legal measure of the damages to be awarded. Under this rule, it may often be entirely proper to prove the profits of the ordinary use of the invention, and the demand existing in the market, evi-

---

[2] By a recent statute this rule has been changed, and both profits and damages may now be recovered in equity. Act July 8, 1870, § 55 (16 U. S. Stat. 206).

denced by sales made, and so, as an element of consideration. show the profits realized by the defendant, in order to furnish to the jury all proper materials for determining how much the plaintiff has lost. But I apprehend that they are to answer the precise question—how much loss has the plaintiff sustained by reason of the defendant's infringement?

There were elements of estimate and computation in this case—the saving of time in the process of polishing, as compared with boring; the fact that pumps so polished were better and more enduring; the cost of supplying new packing to the pistons where the cylinders were not polished; the actual sales by the defendants; and the presumption that this withdrew patronage from the plaintiff. These, though not very precise, furnished means of determining the loss to the plaintiff, not greatly less definite, as aids to the judgment and good sense of a jury, than they were to an estimate of the profits made by the defendants; and, if they enabled the jury to estimate, satisfactorily to their own minds, the defendants' profits, then those in turn became an element in the estimation of the plaintiff's loss.

I think the distinction above stated has been uniformly recognized in the cases on this subject. There may be cases so peculiar that there are no means of proving the plaintiff's loss, without proof of the defendant's profits, and such proof becomes clearly admissible; but, even then, the recovery is what the jury shall find to be the plaintiff's loss, not because the defendant realized profits, but because, under all the circumstances, the jury infer, as a fact, that, but for the interference, the plaintiff would have realized those profits.

It may be said, with some plausibility, that the plaintiff's damages may sometimes be greater than the profits which the defendants have made, but ought never to be considered less; and that the defendants, having illegally infringed, should always be held to the presumption, that the plaintiff would have made as much as they have realized, and should not be permitted to retain any of the fruits of their illegal conduct, by showing that the plaintiff could not have manufactured or used the invention so profitably. In truth, no injustice can come to the plaintiff, so long as he has his election to proceed in equity for the profits the defendants have made, or, if he so prefer, to sue at law for the loss he has suffered; and, although a jury will be very likely to infer that such loss is at least equal to the defendants' profits, the legal rule still stands.

The plaintiff should, however, be permitted to avoid a new trial by remitting damages, if he sees fit; and, therefore, if he consents that the verdict be reduced to nominal damages, a new trial is denied. Otherwise. a new trial is ordered, the costs to abide the event.